UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

December 15, 2005

Memo To Counsel Re: John P. Bressler, et al. v. Maryland Public Secondary Schools
Athletic Association, et al.
Civil No. JFM-05-783

Dear Counsel:

I have reviewed the memoranda submitted in connection with plaintiff's application for attorney's fees.

The application is denied. The Supreme Court has directly held that the "catalyst theory" does not justify the award of attorneys' fees. *See Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001). Unlike plaintiffs I do not believe *Buckhannon* created an "equitable relief - prevailing party" exception. Rather, I read the court's opinion as stating that one of the reasons the catalyst theory does not apply, even in cases involving only claims for equitable relief, is that a court would not find a case mooted "unless it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* at 609. Here, I found the case to have been mooted. If I had not, I would not dismissed it.

In any event, even if there is a "equitable relief - prevailing party" exception as contended by plaintiffs, it would be inappropriate to apply it in this case. Although the filing of the case and subsequent arguments did provide the occasion for the MPSSAA to question the advisability of the then existing regulations, the new Standards of Competition adopted by MPSSAA were quite different than the relief plaintiffs were seeking. Indeed, plaintiffs vehemently criticized the Standards of Competition before their action was dismissed.

In *Buckhannon*, the Court particularly noted that "[p]etitioners discount the disincentive that the 'catalyst theory' may have upon a defendant's decision to voluntarily change its conduct, conduct that may not be illegal." This action demonstrates the validity of the Court's concern. After the action was filed and the issues were briefed, defendants and their attorneys took a fresh and critical look at the challenged regulations and concluded that they presented fundamental problems that required correction, even if they were not illegal. Commendably, they then took it upon themselves to take a new approach through the adoption of the Standards of Competition. Although there may have been legal flaws in the challenged regulations, that was not at all clear, and I never so held. Under these circumstances, to award attorneys' fees against defendants would provide precisely the type of "disincentive" referred to by the court in *Buckhannon*.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge